831 F.2d 295
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victoria A. HOLLIS, Petitioner-Appellant,
v.
Tekla MILLER, Respondent-Appellee.
 No. 87-1052.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1987.
 
 1
 Before LIVELY, Chief Judge, and WELLFORD, Circuit Judge, and ROBERT M. McRAE, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner, a pro se Michigan state prisoner, appeals the district court's judgment dismissing her 28 U.S.C. Sec. 2254 habeas corpus petition. Upon review of the record, we affirm the district court's judgment.
 
 
 4
 Petitioner alleged her plea was involuntary, she received ineffective assistance of counsel and her due process rights were violated. The district court correctly found these claims meritless. Examination of the plea colloquy reveals that petitioner entered a voluntary and intelligent plea. See Brady v. United States, 397 U.S. 742 (1970). Petitioner was informed of the nature of the charge, the direct consequences of her guilty plea and she intelligently waived her rights. The plea was not rendered invalid simply because petitioner was not informed that intent was an element of the crime. See Marshall v. Lonberger, 495 U.S. at 436-37 (1983); Berry v. Mintzes, 726 F.2d at 1147 (6th Cir.), cert. denied, 467 U.S. 1245 (1984). Nor was the plea invalid because part of the plea agreement was inoperative. See Mabry v. Johnson, 467 U.S. 504 (1984); Baker v. United States, 781 F.2d 85 (6th Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 667 (1986).
 
 
 5
 Petitioner's claim of ineffective assistance of counsel is also meritless as petitioner has not demonstrated that an actual conflict of interest existed. Culyer v. Sullivan, 446 U.S. 355 (1980); Smith v. Bordenkircher, 671 F.2d 986 (6th Cir.), cert. denied, 459 U.S. 848 (1982). On the contrary, petitioner was aware of counsel's part-time employment with the city and did not object to it.
 
 
 6
 Lastly, petitioner's claim of a due process violation must also fail. There was no evidence of any ex parte communication because defense counsel objected to the sentence recommendation of the police department. Further, the judge stated that his decision would not be influenced by the sentence recommendation.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Senior U.S. District Judge for the Western District of Tennessee, sitting by designation